**Conrad v. Township of Exeter**

*Brett A. Huckabee,* for plaintiff.
*Robert T. Miller,* for Township of Exeter.
*Adam B. Krafczek,* for George Fidler, Sr.
*Michael G. Wolfe,* for Marcel C. Bernier.

SAYLOR, *J.,* August 23, 1983 —

### I

In this equity action, plaintiff, a resident, taxpayer and supervisor of Exeter Township, seeks to enjoin the township from contracting and paying for certain insurance policies covering its elected supervisors. The individual defendants are two such supervisors and as to them plaintiff additionally asks that they be surcharged for the premiums paid in past years by the Township.

The matter is before us on cross motions for summary judgment. The parties agree and we are satisfied that there are no factual matters in dispute and the case is ripe for summary disposition.

Based on the facts and conclusions reached in this adjudication, we grant the injunction, but deny the surcharges.

## II

Exeter Township is a second class township. As a political subdivision of the Commonwealth, it derives its authority from the Second Class Township Code.[1] From time to time during the period 1973 to 1981 the Township bought and paid for certain insurance policies for its elected supervisors. The risks insured by these policies included life, accident, sickness and disability, and they provided medical, hospital and pension benefits. Not all supervisors received all of these coverages.

As to defendant, George Fidler, Sr., the township provided insurance coverage and paid premiums in the years and amounts as follows:

Health and Accident Insurance
| 1/15/77 to 1/15/78 | $612.00 |
|---|---|
| 1/15/78 to 1/15/79 | 673.20 |
| 1/15/79 to 1/15/80 | 673.20 |
| 1/15/80 to 1/15/81 | 720.60 |

Medical and Hospital Insurance
| 1976 | $491.40 |
|---|---|
| 1977 | 612.00 |
| 1978 | 673.20 |
| 1979 | 673.20 |
| 1980 | 720.60 |
| 1981 | 834.00 |

Paid insurance coverage for the defendant, Marcel C. Bernier, was as follows:

Health and Accident Insurance
| 1/15/79 to 1/15/80 | $746.40 |
|---|---|
| 1/15/80 to 1/15/81 | 793.80 |

---

1. Act of May 1, 19833, P.L. 103, as amended, 53 P.S. §65101.

### Disability Insurance

| | |
|---|---|
| 1979 | $ 67.69 |
| 1980 | 116.00 |
| 1981 | 116.00 |

### Medical and Hospital Insurance

| | |
|---|---|
| 1978 | $248.80 |
| 1979 | 746.40 |
| 1980 | 793.80 |

During this period three other supervisors were insured by the Township at one time or another, but plaintiff has not sued them, she says, because one was an employee and not a supervisor at the time; another was a full-time township employee at the time, and the third offered to pay back the premiums paid for her coverage amounting to only $50.31 but was advised not to do so by the solicitor.[2]

The individual defendants accepted the insurance coverage and authorized payment of the premiums in good faith and only after they were assured by two successive township solicitors and the Pennsylvania State Association of Township Supervisors that such action was proper.

The township auditors never authorized the payment of these premiums as a form of compensation to supervisors employed by the township, but they annually audited township accounts which included these premium payments and no surcharges were made by them nor were exceptions filed to their audit reports.

---

2. The other supervisors are Thomas Rose, Jean Berg and Florence Deysher.